IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| JULIA O'NEILL and DOUG O'NEILL, h/w | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|         vs. | : | |
| CBH20 GENERAL PARTNER, LLC d/b/a | : | |
| CBH20, LP, d/b/a | : | NO.: |
| CAMELBACK MOUNTAIN RESORT d/b/a | : | |
| CAMELBACK MOUNTAIN ADVENTURES | : | |
|     Defendant. | : | |

---

## CIVIL COMPLAINT

AND NOW, come the Plaintiffs, Julia O'Neill and Doug O'Neill, by and through their undersigned counsel at Wieand Law Firm, LLC, and hereby file the following Complaint, and therefore avers as follows:

### PARTIES

1. The Plaintiffs, Julia O'Neill and Doug O'Neill, husband and wife, are adult individuals residing at 245 E. 21 St. 9A, New York, NY, 10010.

2. The Defendant, CBH20 General Partner, LLC d/b/a CBH20, LP, d/b/a Camelback Mountain Resort d/b/a Camelback Mountain Adventures (hereinafter referred to as "Camelback") has a principal place of business located at 68 Swiftwater Avenue, Pocono Manor, PA 18349.

3. Defendant, Camelback, is a resident of Pennsylvania, and systematically and continuously operates resorts in the state of Pennsylvania, including the operation of Camelback Mountain Adventures at 243 Resort Dr. Tannersville, PA18372.

4. At all times relevant hereto, Camelback acted by and through its authorized agents, servants and employees acting within the course and scope of their employment with Defendant Camelback.

## JURISIDICTION AND VENUE

5. The instant case asserts claims for negligence, gross negligence, recklessness and strict liability against Defendant Camelback.

6. The Middle District of Pennsylvania has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy is greater than $75,000 and the cause of action is between citizens of different states.

7. Venue is appropriate in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) as Defendant Camelback resides in the Middle District of Pennsylvania.

## JURY DEMAND

8. Plaintiffs, Juila O'Neill and Doug O'Neill, demand a trial by jury.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. At all times material hereto, Defendant, Camelback, operated an outdoor entertainment and adventure resort known as Camelback Mountain Adventures located at 243 Resort Drive, Tannersville, PA 18372.

10. At all times material hereto, Camelback owned, operated, maintained, possessed and controlled a mountain coaster in connection with its business dealings and possession of the above described resort.

11. Defendant Camelback invited the public, including Plaintiff Julia O'Neill, to use its Appalachian mountain coaster.

12. On or about November 24, 2018, Plaintiff, Julia O'Neill, was a paying customer at Defendant Camelback's resort which included four tickets to use the mountain coaster.

13. The temperature on November 24, 2018, was at or below freezing for most of the day.

14. It began to rain shortly before the Plaintiffs began their lift ascent up the mountain.

15. Julia and her seven (7) year old son boarded the same mountain coaster cart which ascended up the mountain.

16. There was no attendant at the top of the mountain coaster ride.

17. Shortly after beginning her decent, Julia tried to reduce the speed of her cart but was unable to decelerate because the brakes didn't work.

18. Upon information and belief, the operator of the mountain coaster cart in front of Julia did not speak English fluently.

19. Upon information and belief, the operator of the cart in front of Julia was not provided instructions concerning rules applicable to the mountain coaster ride in a language which she understood.

20. As Julia descended down the mountain, the cart in front of Julia's was moving very slowly.

21. After rounding a corner where Julia's sightline was blocked by trees, she noticed the cart in front of her was barely moving, Julia again tried to reduce the speed of her cart to avoid a collision.

22. Julia pulled forcefully on the brakes to slow cart, and when doing so, one of the grips came off the brake handle.

23. Despite pulling on the brakes at full strength, the cart did not decelerate and she was unable to avoid a collision with the cart in front of her.

24. Julia's cart, which was traveling at a high rate of speed, crashed violently into the rear of the cart in front of her which was either barely moving or stopped on the tracks.

25. Julia's cart slammed into the cart in front of her several more times during the duration of the ride due to Julia's inability to reduce the cart's speed or stop the cart.

26. As a result of the above described collision(s), Julia suffered serious and permanent injuries, including a T12 vertebral compression fracture, and other damages.

27. At all times material hereto, Defendant Camelback owed a duty to Julia to take precautions to prevent any foreseeable danger that might reasonably be anticipated in the use of the mountain coaster.

28. At all times material hereto, Defendant Camelback knew or had reason to know the mountain coaster posed a high risk of serious injury or death to passengers.

29. Commensurate with the high risk of serious injury or death, Defendant Camelback owed a duty to Plaintiff Julia O'Neill to use greater than ordinary care in maintaining and operating the mountain coaster.

30. In the alternative, the operation of the mountain coaster creates an unusually great risk of the type of harm suffered by the Plaintiff that cannot be eliminated with the exercise of reasonable care.

### COUNT I - NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS
### PLAINTIFF JULIA O'NEILL vs. DEFENDANT CAMELBACK

31. Plaintiffs hereby incorporate by reference thereto all of the above listed paragraphs as if same were set forth fully at length herein.

32. At all times material hereto, Defendant Camelback owed a heightened duty of care to Plaintiff, Julia O'Neill, to ensure that its mountain coaster ride was safe for public use.

33. Defendant Camelback, by and through its agents, servants, and/or employees, breached its duty to the Plaintiff and acted in a negligent, grossly negligent and/or reckless manner by:

    a. Choosing not to close the mountain coaster ride due to icy weather conditions;

    b. choosing not to inspect the mountain coaster track for ice;

    c. choosing not to maintain the mountain coaster track in a safe condition;

d.  choosing not to create and maintain adequate sight lines for riders to view potential dangers in front of them, including other riders;

e.  choosing not to provide adequate lighting;

f.  choosing not to post an attendant at the top of the mountain coaster ride to ensure adequate cart spacing;

g.  choosing not to post an attendant at the top of the mountain coaster ride to ensure the track was clear of ice;

h.  choosing not to install adequate safety mechanisms on the mountain coaster to prevent and/or minimize the risk of carts colliding;

i.  choosing not to warn passengers of the risks of using the mountain coaster in freezing and/or icy conditions;

j.  choosing not to inspect and/or properly maintain the mountain coaster carts;

k.  choosing not to inspect and/or properly maintain the brakes on the mountain coaster carts;

l.  choosing not to instruct all riders of rules applicable to the mountain coaster in a language they understand;

m.  permitting riders who do not understand and/or obey the rules to use the mountain coaster;

n.  choosing not to properly and adequately hire, select and/or retain personnel competent to operate the mountain coaster;

o.  choosing not to properly and adequately hire, select and/or retain personnel competent to maintain the mountain coaster in a safe condition;

p.  choosing not properly and adequately train its personnel;

    q. choosing not properly and adequately supervise its personnel;

    r. choosing not to adopt, establish, implement and/or enforce adequate policies procedures, rules, regulations and/or guidelines concerning the operation of the mountain coaster;

    s. choosing not to adopt, establish, implement and/or enforce adequate policies procedures, rules, regulations and/or guidelines concerning the operation of the mountain coaster in inclement weather and/or icy conditions;

    t. choosing not to adopt, develop and implement adequate rules and regulations to keep riders safe;

    u. choosing not to adequately staff the premises with associates/employees who were competent, qualified and/or knowledgeable in the operation of the mountain coaster to keep riders safe; and

    v. choosing not to discharge from employment incompetent employees who were not qualified to perform the jobs for which they were hired.

34. Defendant Camelback's breach of its duty to Plaintiff, Julia O'Neill, was the direct and proximate cause of damages to the Plaintiff.

35. As a direct result of this incident, Plaintiff, Julia O'Neill, has suffered injuries which are or may be serious and permanent in nature, including but not limited to fracture to her spine, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

36. As a direct result of this incident, Plaintiff, Julia O'Neill, has suffered medically determinable physical and/or mental impairment which prevents the Plaintiff from performing all or

substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

37. As a direct result of this incident, Plaintiff, Julia O'Neill, has or may hereafter incur other financial expenses and/or bills in amounts which Plaintiff is entitled to recover.

38. As a direct result of this incident, Plaintiff, Julia O'Neill, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

39. As a direct result of this incident, Plaintiff, Julia O'Neill, has in the past and/or may in the future suffer a loss of earnings and/or impairment of earning power and capacity.

**WHEREFORE**, the Plaintiff, Julia O'Neill, demands compensatory and consequential damages from Defendant Camelback in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, attorneys' fees and such other just and equitable relief as this Honorable Court deems proper.

## COUNT II - STRICT LIABILITY
## PLAINTIFF JULIA O'NEILL vs. DEFENDANT CAMELBACK

40. Plaintiffs hereby incorporate by reference thereto all of the above listed paragraphs as if same were set forth fully at length herein.

41. The operation of the mountain coaster constitutes an ultrahazardous activity.

42. The operation of the mountain coaster creates an unusually great risk of the type of harm suffered by the Plaintiff, Julia O'Neill, that cannot be eliminated with the exercise of reasonable care.

43. Defendant Camelback is strictly liable for injuries and damages caused to Plaintiff by the above described ultrahazardous activity.

**WHEREFORE**, the Plaintiff, Julia O'Neill, demands compensatory and consequential damages from Defendant Camelback in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, attorneys' fees and such other just and equitable relief as this Honorable Court deems proper.

## COUNT III - LOSS OF CONSORTIUM
### PLAINTIFF DOUG O'NEILL vs. DEFENDANT CAMELBACK

44. Plaintiff, Doug O'Neill, hereby incorporates by reference thereto all of the above listed paragraphs as if same were set forth fully at length herein.

45. At all times material hereto, Plaintiff, Doug O'Neill, was married to Plaintiff, Julia O'Neill.

46. As a direct and proximate result of the negligence and carelessness aforesaid, and the injuries sustained by Plaintiff, Julia O'Neill, her spouse Plaintiff, Doug O'Neill, has been deprived of the assistance, society and companionship of his wife, both in the past and into the future, all of which may be permanent.

**WHEREFORE**, the Plaintiff, Doug O'Neill, demands compensatory and consequential damages from Defendant Camelback in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, attorneys' fees and such other just and equitable relief as this Honorable Court deems proper.

                                                  **WIEAND LAW FIRM LLC**

Date: 1/24/2019                                        /s/Jeffrey F. Parker
                                                             JEFFREY PARKER ESQ.
Attorney ID: 308049
jparker@wieandlaw.com
BRENT WIEAND ESQ.
Attorney ID: 306646
bwieand@wieandlaw.com
230 S. Broad St., Ste 602
Philadelphia, PA 19102
T: 215-666-0402
F: 267-299-2565
Attorney for Plaintiffs